NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KERRI COLICCHIO, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> MERCK & CO., INC. et al., : <br> : <br> Defendants. : | Civil Action No.  08-3593 (SRC) <br><br> **OPINION & ORDER** |

**CHESLER, U.S.D.J.**

This matter comes before the Court on two motions for reconsideration of this Court's Opinion and Order entered on November 16, 2012, one by Plaintiff Kerri Colicchio ("Colicchio"), and one by Defendants Merck & Co., Inc., J. Chris Scalet, and Laurel LaBauve (collectively, "Defendants"). For the reasons set forth below, Plaintiff's motion will be granted, and Defendants' motion will be denied.

"A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 Fed. Appx. 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); L. CIV. R. 7.1(i).

Plaintiff moves for reconsideration of this Court's grant of partial summary judgment based on finding that Plaintiff had not opposed Defendants' motion for summary judgment on

the Fourth and Fifth Counts, for violation of the New Jersey Family Leave Act ("FLA") and Family and Medical Leave Act ("FMLA"), based on a retaliation theory. Plaintiff is correct that the Court overlooked her opposition. Although Plaintiff cross-moved for summary judgment only on the interference theory, she did separately oppose Defendants' motion as to the retaliation theory in Point V of her opposition brief.

To prove a FMLA retaliation case, Plaintiff must prove: "(1) he took an FMLA leave, (2) he suffered an adverse employment decision, and (3) the adverse decision was causally related to his leave." Conoshenti v. Public Serv. Elec. & Gas Co., 364 F.3d 135, 146 (3d Cir. 2004). New Jersey courts use the McDonnell Douglas analysis to decide FLA retaliation claims. Depalma v. Building Inspection Underwriters, 350 N.J. Super. 195, 213 (N.J. Super. Ct. App. Div. 2002). Defendants moved for summary judgment on both the FLA and FMLA retaliation claims on two grounds: 1) because the return from the third maternity leave and the termination are separated by 10 months, timing does not support any causal inference; and 2) Plaintiff cannot rebut Defendants' legitimate, non-discriminatory reason for her termination.

As Plaintiff contends, she opposed Defendants' motion on FLA and FMLA retaliation by pointing to the same evidence on which she based her main discrimination case. As discussed in the Opinion of November 16, 2012, Defendants' assertion that the leave and the termination are so remote in time that no causal inference is supported overlooks Plaintiff's main theory of the case, which links the two events with an intervening process of dismantling her job. Furthermore, as discussed in the Opinion, this Court found that Plaintiff had pointed to sufficient evidence to raise a factual dispute over whether the reason for termination was pretextual. Plaintiff has pointed to sufficient evidence to defeat Defendants' motion for summary judgment

2

as to the FLA and FMLA retaliation theory.

Plaintiff's motion for reconsideration will be granted. The Order entered on November 16, 2012 will be vacated and modified in accordance with this decision.

Defendants move for reconsideration in regard to this Court's decision on every claim. As to the termination claims, Defendants argue that this Court overlooked their evidence. The Court did not overlook their evidence but, rather, found that Plaintiff's evidence was sufficient to raise material factual disputes. Defendants appear to argue that the Court erred by not making disputed factual determinations in their favor at summary judgment. At summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), the Court discerns factual disputes which need resolution at trial. This is what the Court did as to the termination claims.

As to the failure to promote claim, Defendants argue that this Court erred when it stated that Defendants had failed to articulate a legitimate reason for not considering internal candidates for the position of Vice President of Global OE. Defendants contend that they did articulate such a reason, and point specifically to page 7 of their summary judgment opening brief. The Court has now re-read page 7, which still fails to articulate a legitimate reason for not considering internal candidates for the position of Vice President of Global OE.

As to the FMLA and FLA claims, Defendants contend that the Court erred about who raised a new theory and when. Defendants have failed to show how this impacts this Court's denial of their motion for summary judgment. For the sake of discussion, even if Plaintiff raised a new theory of interference first, Defendants still failed to establish that they were entitled to judgment as a matter of law.

Lastly, Defendants contend that this Court erred in its understanding of

3

Cicchetti v. Morris County Sheriff's Office, 194 N.J. 563, 595 (2008).  In Cicchetti, the New Jersey Supreme Court explained:

> Because the panel addressed the claims against the co-employees separately and did not independently analyze the claim relating to the purported individual liability of the two supervisors, we can only conclude that the court confused the significance of a supervisor's act as a basis for an employer's liability with the significance of those same acts for purposes of the supervisor's individual liability. In doing so, the panel erred. Regardless of how we would view their acts for purposes of establishing the employer's liability, because neither Sheriff Rochford nor Undersheriff Dempsey was plaintiff's 'employer,' they can be individually liable only if they were themselves aiders and abettors.

Id. (citations omitted).  Defendants may question the logic of the reasoning stated by the New Jersey Supreme Court, but this Court believes that its holding is clear: supervisors may be liable on a theory of aiding and abetting the employer in its wrongful conduct.

Defendants' motion for reconsideration will be denied.

For these reasons,

**IT IS** on this 24th day of January, 2013

**ORDERED** that Plaintiff's motion for reconsideration of the Opinion and Order entered on November 16, 2012 (Docket Entry No. 105) is **GRANTED**; and it is further

**ORDERED** that Defendants' motion for reconsideration of the Opinion and Order entered on November 16, 2012 (Docket Entry No. 106) is **DENIED**; and it is further

**ORDERED** that the Order entered on November 16, 2012 (Docket Entry No. 104) is hereby **VACATED**; and it is further

**ORDERED** that Plaintiff's cross-motion for summary judgment (Docket Entry No. 86) is **DENIED**; and it is further

**ORDERED** that Defendants' motion for summary judgment (Docket Entry No. 74) is

**GRANTED** in part and **DENIED** in part; and it is further

ORDERED that Defendants' motion for summary judgment is **GRANTED** as to only the issue of Plaintiff's claims of retaliation, in violation of NJLAD; and it is further

ORDERED that, as to all other issues, Defendants' motion for summary judgment is **DENIED**.

                                               s/ Stanley R. Chesler
                                            STANLEY R. CHESLER, U.S.D.J.